.MARY A. B. HOWE

*v.*

BRIDGET ROBINS et al.

A prayer for process, in a bill, against "the said defendants," without naming anybody, where it does not appear with reasonable certainty, in the other parts of the bill, who are referred to as "the said defendants," and in other parts of the bill some only of the persons who are necessary parties are mentioned as the defendants, is fatally defective, if necessary parties to the suit are thereby omitted.'

Bill for relief.   On motion to dismiss.

*Mr. J. H. Stone,* for the motion.

*Mr. C. T. Cowenhoven, contra.*

THE CHANCELLOR.

The bill is filed to follow trust funds which, it alleges, were invested by a trustee by malversation in property, the title to which he took in his own name, and which he, at his death,

---

NOTE.—Defendants must be specially named in the bill, and process prayed against them.   None are parties against whom process is not prayed, *Windsor* v. *Windsor, 2 Dick. 707; Fawkes* v. *Pratt, 1 P. Wms. 592; Elmendorf* v. *Delancey, Hopk. 555 ; Talmage* v. *Pell, 9 Paige 413; Bondurant* v. *Sibley, 37 Ala. 565 ; Bond* v. *Hendricks, 1 A. K. Marsh. 592 ; Huston* v. *McClarty, 3 Litt. 274;* see *Ferguson* v. *Hass, Phil. (N. C.) Eq. 113;* unless out of the jurisdiction, *Haddock* v. *Tomlinson, 2 S. & S. 219; Erwin v. Ferguson, 5 Ala. 158;* see *Brooks* v. *Burt, 1 Beav. 109 ; Lucas* v. *Bank, 1 Stew. (Ala.) 280 ;* or an infant heir whose name is unknown, *Preston* v. *Dunn, 25 Ala. 507; Botsford* v. *O'Conner, 57 Ill. 72; Kirkham* v. *Justice, 17 Ill. 107.*

claimed to own as his individual estate. It prays for a decree establishing the rights of the *cestuis que trustent* in the premises, and incidentally for a discovery; also for a distribution of the fund and an injunction to protect it *pendente lite.* Various objections are made to the bill under the notice, some in the nature of a general and others of a special demurrer. The former are not well taken; the latter are. The prayer for process is fatally defective. While the bill prays for process against "the said defendants," without naming any person, it does not appear from the other parts of the bill, with reasonable certainty, who are referred to as "the said defendants." The persons mentioned in the preceding part of the bill as the defendants, are the heirs of the trustee alone—his children. His executrix and his widow have both been subpœnaed to answer, but there is no prayer for process against either of them. They are necessary parties, and so are the other persons interested with the com-

A prayer that, in a certain contingency, which has not happened, another person be made a defendant, does not make him a party, *Doherty* v. *Stevenson, 1 Tenn. Ch. 518;* see *Valentine* v. *Fish, 45 Ill. 462.*

The character in which defendant is sued must also appear in the prayer, *Carter* v. *Ingraham, 43 Ala. 78; Brasher* v. *Van Cortlandt, 2 Johns. Ch. 242; Lawson* v. *Kolbenson, 61 Ill. 405.*

The following cases show what has been held a sufficient designation of the defendant in the prayer for process: Where several stockholders, including the objecting defendant, were mentioned by name, and that the subpœna be directed "to the aforesaid stockholders hereinbefore mentioned and stated," *Carey* v. *Hillhouse, 5 Ga. 251;* where a grantor left many children, all of whom are dead but the defendants A, B and C, and process prayed against the defendants, *Williams* v. *Burnett, Busb. Eq. 209.*

The following were deemed insufficient: "That the clerk be ordered to issue subpœnas to the proper defendants," *Hoyle* v. *Moore, 4 Ired. Eq. 175;* where a corporation was defendant, and the process was prayed against its president and directors, *Verplanck* v. *Mercantile Ins. Co., 2 Paige 438, 1 Edw. Ch. 84; Walker* v. *Hallett, 1 Ala. 379.*

Objection may be raised by demurrer, *Wright* v. *Wright, 4 Hal. Ch. 143; Archibald* v. *Means, 5 Ired. Eq. 230; Palmer* v. *Stevens, 100 Mass. 461;* see *Boon* v. *Pierpont, 1 Stew. Eq. 7; Ferguson* v. *Hass, Phil. (N. C.) Eq. 113;* but is waived by the defendant appearing and answering, *Seger* v. *Thomas, 3 Blatchf. 11; Airs* v. *Billops, 4 Jones Eq. 17; Belknap* v. *Stone, 1 Allen 572;* or appearing and allowing a decree *pro confesso* to be taken, *Brasher* v. *Van Cortlandt, 2 Johns. Ch. 242.*—Rep.

plainant as distributees of the fund which the suit is brought to recover, and of which the bill prays distribution. The complainant will have leave to amend on payment of costs.